**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4941**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DARRYL LEE JOHNSON,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  David C. Norton, Chief District
Judge.  (2:08-cr-00930-DCN-7)

_____

Submitted:  March 16, 2012          Decided:  April 12, 2012

_____

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

N. Elliott Barnwell, Charleston, South Carolina, for Appellant.
William N. Nettles, United States Attorney, Columbia, South
Carolina, Peter T. Phillips, Assistant United States Attorney,
OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Lee Johnson pled guilty to conspiracy to possess with intent to distribute and to distribute a quantity of heroin and three counts of possession with intent to distribute and distribution of a quantity of heroin. The district court concluded that Johnson qualified as a Career Offender under United States Sentencing Guideline (USSG) § 4B1.1 and imposed a sentence of 151 months' imprisonment. On appeal, Johnson challenges his sentence. As explained below, we vacate Johnson's sentence and remand for further proceedings consistent with this opinion.

To qualify as a Career Offender under USSG § 4B1.1, inter alia, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." USSG § 4B1.1(a). Johnson did not dispute below and does not dispute on appeal that his 2004 conviction, pursuant to a guilty plea in South Carolina state court, for possession with intent to distribute marijuana qualifies as a prior felony conviction for a controlled substance offense under USSG § 4B1.1(a). However, Johnson challenged below and continues to challenge on appeal the district court's conclusion that his 2008 conviction, pursuant to a guilty plea in South Carolina state court, for assault and battery of a high and aggravated nature (ABHAN) under South Carolina's common law

- 2 -

constitutes a "crime of violence" under USSG § 4B1.1(a). This is the sole issue on appeal.

A "crime of violence" is defined by the Guidelines as an offense that is punishable by imprisonment for more than one year and "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a). In deciding whether a prior conviction qualifies as a crime of violence under the Guidelines' Career Offender provision, the sentencing court normally employs a categorical approach. United States v. Peterson, 629 F.3d 432, 435 (4th Cir. 2011). Under this approach, the district court considers the offense as defined by the relevant law, rather than considering the facts of the underlying specific crime. Sykes v. United States, 131 S. Ct. 2267, 2272 (2011). "For an offense to constitute a 'crime of violence' under th[e categorical] approach, the offense's full range of proscribed conduct, including the least culpable proscribed conduct, must fall within the applicable Guidelines definition of that term." United States v. King, 2012 WL 745535, at *2 (4th Cir. March 8, 2012). However, if the offense as defined by the relevant law includes conduct such that some commissions of the offense

constitute crimes of violence and others do not, "we look beyond the generic elements of the offense to the specific conduct underlying that prior offense." Id. at *3. This is known as the modified categorical approach. In applying the modified categorical approach to a prior conviction based upon a guilty plea such is at issue here, the sentencing court is limited to considering "the record of conviction, which includes the charging document, the plea agreement, and the transcript of the plea colloquy, and any explicit factual findings made by the trial court." Id.

Here, employing the categorical approach, the district court concluded that South Carolina's common law offense of ABHAN constitutes a crime of violence under USSG § 4B1.1(a). Having so concluded, the district court did not go on to analyze the conviction under the modified categorical approach. Without expressing an opinion on whether the offense of ABHAN under South Carolina's common law categorically constitutes a crime of violence under USSG § 4B1.1(a), we have decided the prudent course under the circumstances is to vacate Johnson's sentence and remand this case to the district court for further proceedings in order to allow the district court to determine if the modified categorical approach supports the conclusion that Johnson's conviction for ABHAN under South Carolina common law constitutes a crime of violence under USSG § 4B1.1(a). See

<u>Anderson v. United States</u>, 417 U.S. 211, 218 (1974) ("We think it inadvisable . . . to reach out . . . to pass on important questions of statutory construction when simpler, and more settled, grounds are available for deciding the case at hand."). On this issue, the district court should permit the parties to present evidence. For example, the government is free on remand to present a transcript of the plea colloquy from Johnson's guilty plea hearing with respect to his 2008 conviction for ABHAN under South Carolina's common law.

Based on the foregoing, we vacate Johnson's sentence and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>